UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMBER CLEVELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:17-cv-873 |
| | ) |
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Amber Cleveland ("Cleveland"), brings this action against Defendant, Eli Lilly and Company ("Defendant"), for unlawfully violating her rights as protected by the Americans With Disabilities Act ("ADA"), as amended, and the Family and Medical Leave Act ("FMLA"), as amended.

**PARTIES**

2. Cleveland has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 29 U.S.C. § 2617(a)(2); and 42 U.S.C. § 12117.

5. Cleveland was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(3).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

7. Cleveland is a qualified individual with a disability, has a record of a disability, and/or

was regarded as disabled by Defendant.

8. Between April 1, 2015, and March 31, 2016, Cleveland was an "eligible employee" as that term is defined by the FMLA.

9. Between July 26, 2015, and July 25, 2016, Cleveland was an "eligible employee" as that term is defined by the FMLA.

10. Cleveland had a "serious health condition" in 2016 as that term is defined by the FMLA.

11. Since January 1, 2015, Defendant has employed 50 or more employees within a 75-mile radius of the location where Cleveland worked.

12. Cleveland worked 1,250 or more hours in the 12-month period preceding April 1, 2016.

13. Cleveland worked 1,250 or more hours in the 12-month period preceding May 1, 2016.

14. Cleveland worked 1,250 or more hours in the 12-month period preceding June 1, 2016.

15. Cleveland worked 1,250 or more hours in the 12-month period preceding July 1, 2016.

16. Cleveland satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a "Dismissal and Notice of Rights" to Cleveland. She now timely files her lawsuit.

17. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

18. Defendant hired Cleveland on or about September 22, 2014.

19. Cleveland was an Associate Consultant for Digital and Social Strategy at Defendant when Defendant fired her.

20. Cleveland's work performance met or exceeded Defendant's legitimate expectations at all relevant times.

21. Cleveland suffered a severe fall on or about April 4, 2016.

22. On or about April 5, 2016, Cleveland went to Defendant's Employee Health Services ("EHS") with a severe headache, among other symptoms. EHS informed Cleveland that she likely had a concussion.

23. Cleveland went to her doctor the next day. Her doctor confirmed EHS's diagnosis and told her she needed to rest for several days.

24. Cleveland notified Bruce Hill ("Hill"), her immediate supervisor, of the diagnosis and her need for leave.

25. One of Cleveland's doctors ultimately diagnosed her with Post-Concussion Syndrome.

26. Cleveland's disability and health symptoms arising therefrom have substantially limited her in one or more major life activities, including, but not limited to, working, concentrating, thinking, and cognitively and emotionally functioning.

27. Cleveland has also suffered from severe headaches, dizziness, and difficulty concentrating on completing tasks.

28. Because of her disability, Cleveland took leave from work from on or about April 7,

2016, to on or about April 12, 2016.

29. On or about April 20, 2016, Cleveland took leave from work, due to her concussion and health issues arising therefrom, until she could see a neurologist.

30. Cleveland applied for and was ultimately approved for intermittent FMLA leave from on or about April 4, 2016, to on or about October 6, 2016.

31. Cleveland's application for FMLA leave constituted a request for a reasonable accommodation.

32. Cleveland's doctor had initially indicated her intermittent leave was for one year, but Defendant's Leave and Disability Center told her to reduce the time to three months with a possible extension.

33. Her doctor reduced the period to three months.

34. Cleveland subsequently renewed her request for extended intermittent FMLA leave. Her renewed request constituted a request for a reasonable accommodation.

35. Defendant subsequently granted an extension from on or about July 20, 2016, to on or about October 6, 2016.

36. On or about April 28, 2016, Cleveland's doctor told her that she needed to take time off from work from on or about April 29, 2016, through on or about May 9, 2016.

37. Cleveland complied with her doctor's instructions and took the prescribed leave.

38. Cleveland returned to work one day early on or about May 9, 2016.

39. Cleveland met with Hill upon her return to work.

40. During this meeting, Cleveland told Hill that she would have to work a reduced amount of hours as opposed to her normal 14-hour workdays. Hill became agitated. She had

previously filed paperwork to formalize her request for a reasonable accommodation to Defendant's Leave and Disability Center and its Accommodations Office. She notified Hill about her accommodation request, and he advised her that he had already been informed of her requested accommodation by Defendant. Her request constituted a request for a reasonable accommodation.

41. On or about May 17, 2016, Defendant placed Cleveland on probation, thereby disqualifying her from a base pay increase, promotional consideration, her bonus, and the Total Equity Program grant.

42. In May, June, and July 2016, Cleveland worked significantly more hours than she was permitted to work under her approved intermittent FMLA leave and that she requested off as a part of her request for a reasonable accommodation. However, Hill expressed concern that Cleveland was not meeting expectations and continued to be dissatisfied with her performance. Hill's dissatisfaction was unjustified and unfounded.

43. Hill pushed Cleveland to work the extra hours in violation of her requested accommodations.

44. Because of her disability and the symptoms arising therefrom, Cleveland requested that Hill help her schedule her time and identify how priorities could be accommodated during her reduced working hours. Her request constituted a request for a reasonable accommodation.

45. Hill replied that he would help, but did not.

46. On or about July 26, 2016, Cleveland suffered from a 9-hour headache.

47. Cleveland made an appointment with her doctor on or about July 27, 2016, and notified Hill of the appointment and the reason therefor.

48. Cleveland's doctor recommended that she see a neurologist again.

49. On or about July 28, 2016, Defendant fired Cleveland, with an effective date of July 31, 2016.

50. Defendant ultimately failed to grant Cleveland's request for a reasonable accommodation when it found the amount of hours she was working, though in excess of the amount she was permitted to work under her intermittent FMLA leave and her request for a reasonable accommodation, to be insufficient and her performance to be the same.

51. An employee, who is not disabled, assumed Cleveland's duties and responsibilities upon her separation.

52. An employee, who had not engaged in statutorily-protected activities, assumed Cleveland's duties and responsibilities upon her separation.

53. Defendant terminated Cleveland because of her disability, perceived disability, record of a disability, FMLA leave requests, FMLA leave, and/or engagement in statutorily-protected activities.

54. Defendant has accorded more favorable treatment to at least one similarly-situated employee, who is not disabled, does not have a record of a disability, is not regarded as disabled by Defendant, has not requested FMLA leave, has not taken FMLA, and/or has not engaged in statutorily-protected activities.

55. All reasons proffered by Defendant for adverse actions taken by it regarding Cleveland's employment are pretextual.

56. Cleveland has suffered injury as a result of Defendant's unlawful actions.

**COUNT I**

**DISABILITY DISCRIMINATION – ADA**

57. Cleveland hereby incorporates paragraphs 1-56 of her Complaint.

58. Cleveland asked for a reasonable accommodation.

59. Defendant did not provide a reasonable accommodation to Cleveland by the time of her termination.

60. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Cleveland's rights as protected by the ADA.

**COUNT II**

**DISABILITY DISCRIMINATION – ADA**

61. Cleveland hereby incorporates paragraphs 1-60 of her Complaint.

62. Defendant took adverse employment actions against Cleveland because of her disability, record of a disability, and/or its perception of her being disabled.

63. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Cleveland's rights as protected by the ADA.

**COUNT III**

**RETALIATION – ADA**

64. Cleveland hereby incorporates paragraphs 1-63 of her Complaint.

65. Cleveland asked for at least one reasonable accommodation.

66. Defendant terminated Cleveland in retaliation for her engagement in statutorily-protected activities.

67. Defendant's unlawful actions were intentional, willful, and done in reckless disregard

of Cleveland's rights as protected by the ADA.

## COUNT IV

## VIOLATIONS OF THE FMLA

68. Cleveland hereby incorporates paragraphs 1-67 of her Complaint.

69. Defendant violated the FMLA by: (1) interfering with Cleveland's substantive FMLA rights; (2) firing her for taking FMLA-qualifying leave and/or requesting FMLA-qualifying leave; and (3) restraining her ability to take such leave in the future.

75. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Cleveland's FMLA rights.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Amber Cleveland, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Cleveland to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Cleveland;

3. Defendant pay compensatory and punitive damages to Cleveland;

4. Defendant pay liquidated damages to Cleveland;

5. Defendant pay pre- and post-judgment interest to Cleveland;

6. Defendant pay Cleveland's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Cleveland any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49

*s/ Bradley L. Wilson*
Bradley L. Wilson, Attorney No. 21154-49

*s/ Spenser G. Benge*
Spenser G. Benge, Attorney No. 33955-48

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317)955-9500
Facsimile: (317)955-2570
Email: jhaskin@jhaskinlaw.com
bwilson@jhaskinlaw.com
sbenge@jhaskinlaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Amber Cleveland, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin, Attorney No. 7576-49